**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Chetanand Kumar SEWRAZ, a.k.a.
Ashley Sewraz, Defendant–
Appellant.**

**No. 06–15379
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 26, 2007.

---

1. As of October 6, 2006, these statutory provisions are codified at 46 U.S.C. §§ 70503, 70506.

Randee Jill Golder, Randee J. Golder, P.A., Boynton Beach, FL, for Defendant–Appellant.

Suzan H. Ponzoli, U.S. Attorney's Office, Miami, FL, for Plaintiff-Appellee.

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Chetanand Sewraz appeals his concurrent 115–month sentences imposed for possession of a destructive device by an alien, in violation of 18 U.S.C. § 922(g)(5), and possession of an unregistered destructive device, in violation of 26 U.S.C. § 5861(d). On appeal, Sewraz argues that the district court improperly calculated the guideline range when it granted a two-level upward departure based on the risk of death or serious bodily injury created by the device pursuant to U.S.S.G. § 2K2.1, comment. (n.8).

Based on this record, we conclude that the district court did not err in relying on the risk of injury created by the location of the destructive device to grant a departure because it was an encouraged factor not already accounted for in the applicable guideline. Furthermore, the facts established at the sentencing hearing were sufficient to support the district court's finding that Sewraz's conduct posed a substantial risk of serious bodily injury. Because Sewraz did not object to any of the factual finding in the PSI, the district court did not commit error, plain or otherwise, in relying on those facts. *See United States v. Smith,* 480 F.3d 1277, 1281 (11th Cir.), *cert. denied,* — U.S. ——, 128 S.Ct. 175, 169 L.Ed.2d 119 (2007) (undisputed factual matters in the PSI are deemed admitted and may be relied upon by the district court in determining the defendant's sentence). The undisputed facts reveal that Sewraz placed the device in a public parking lot occupied by several cars, and he left the device at a time when patrons of a nearby hotel and restaurant would be using the lot. Sewraz had constructed the device so it would ultimately explode, creating a fire and releasing shrapnel. The district court, having concluded that Sewraz's actions created an increased risk injury

based on the location of the device, did not abuse its discretion in finding that such a risk warranted an upward departure. Moreover, the extent of departure is not unreasonable given the nature and seriousness of the offense.

**AFFIRMED.**